UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
PAUL JOHN SHIELDS,                  :
                                    :
                                    :   09 Civ. 5495 (BSJ)(THK)
               Plaintiff,           :
                                    :   **MEMORANDUM OPINION**
     -against-                      :   **AND ORDER**
                                    :
                                    :
VIVUS, INC., et al.,                :
                                    :
               Defendants.          :
                                    :
------------------------------------X

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

This employment discrimination action was referred to this Court for general pretrial supervision. Presently before the Court is Plaintiff's Motion for An Extension of Time, dated May 17, 2010, to file an untimely response to Defendants' Motion for Summary Judgment, dated January 27, 2010. For the reasons that follow, the motion is denied.

### BACKGROUND

On January 5, 2010, this Court held an initial pre-trial conference for the purpose of entering a scheduling order for all pretrial activity in this case. At the conference, counsel for Defendants indicated that he intended to immediately move for summary judgment on the grounds that (1) Plaintiff had not filed the Complaint within 90 days of receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"),[1] and

---

[1] Under controlling law, "a claim under Title VII . . . must be filed within 90 days of the claimant's receipt of a right-to-sue letter." Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525

(2) Plaintiff had failed to effectuate timely service of the Complaint, if at all. Defendants also noted Plaintiff's failure to file, or otherwise provide to Defendants, proofs of service of the Complaint.[2]

Plaintiff's counsel, Ms. Jacqueline Hollander, responded that, although the EEOC right-to-sue letter was dated March 6, 2009, and the Complaint was not filed until 101 days later, on June 15, 2009, she would provide Defendants' counsel with an affidavit from Plaintiff, swearing to the date he actually received the letter.[3] Ms. Hollander contended that this affidavit would cure any issue of perceived untimeliness. She further claimed that the Complaint was served within the 120-day deadline required by Fed. R. Civ. P. 4(m). The Court directed Ms. Hollander to immediately procure the affidavit regarding the right-to-sue letter and the proofs of service, and provide them to Defendants.

Nearly one month later, after Ms. Hollander failed to provide any of the requested documents to Defendants (or explain any reason for her delay), Defendants moved for summary judgment on the

---

(2d Cir. 1996) (citing 42 U.S.C. § 2000e-5(f)(1)).

[2] The Federal Rules of Civil Procedure require that "proof of service must be made to the court . . . by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

[3] "Normally it is assumed that a mailed document is received three days after its mailing." Sherlock, 84 F.3d at 525. Thus, if Plaintiff received the right-to-sue letter on March 9, 2009, the Complaint was filed 98 days later.

2

grounds alluded to at the initial pretrial conference. Pursuant to Fed. R. Civ. P. 56(c), Plaintiff's response to the motion was due on February 19, 2010. Yet, Plaintiff filed no opposition, nor was any request for an extension of time received by the Court prior to the deadline.

Instead, Ms. Hollander wrote to the Court nearly a week after the time to respond had expired: "In this past month, I have been home with the flu for over two weeks and then had pressing federal court appearances, conferences and depositions. Consequently, my ability to enter motions was curtailed." (See Memo-Endorsed Letter to the Court from Jacqueline Hollander, Esq., dated Feb. 24, 2010 (the "February Letter") (Docket Entry 11).) Ms. Hollander made no mention as to why she had, over the course of the previous *two* months, failed to procure an affidavit from her client regarding receipt of the right-to-sue letter, nor did she mention her failure to file proofs of service of the Complaint. In addition, she failed to acknowledge that her request for an extension post-dated the original deadline. In fact, Ms. Hollander appeared to have no idea as to when Plaintiff's opposition papers were actually due, as she failed to even note the date of the original deadline in the February Letter.[4] The Court denied Plaintiff's request for an

---

[4] This Court's Individual Practices require any request for an extension of time to include, among other things, the original date on which a filing is due. (See Individual Practices of Magistrate Judge Theodore H. Katz, at 1.D.)

3

extension of time, noting its untimeliness and lack of merit: "Contrary to the requirements of Rule 6(b), no motion for an extension has been filed, nor has excusable neglect been shown." (See id.)

Thereafter, Defendants' Motion for Summary Judgment remained unopposed and pending on the docket for nearly three months until, on May 17, 2010, Ms. Hollander filed the instant Motion for An Extension of Time. (See Motion for An Extension of Time, dated May 17, 2010.) Attached to the motion is a brief declaration, in which Ms. Hollander reiterates the same excuses set forth in the February Letter. (See Declaration of Jacqueline Hollander, dated May 17, 2010 ("Hollander Aff.") ¶ 4.) In addition, Ms. Hollander contends that she thought her original request for an extension was timely because of a purported change to the Local Rules which no longer exclude the counting of weekends and holidays when computing the time to respond to motions.[5] (See id. ¶ 5.)

In response, Defendants contend that Plaintiff's motion is

---

[5] Contrary to Ms. Hollander's assertions, the Federal Rules of Civil Procedure have always counted weekends and holidays when computing time, unless the time period is less than 11 days, or the last day of the period is a Saturday, Sunday, or legal holiday. See Former Fed. R. Civ. P. 6(a)(2) & (3) (effective until Dec. 1, 2009). In any event, Ms. Hollander is required, as a duly admitted member of the bar of this Court, to keep apprised of any changes to the Federal Rules of Civil Procedure or the Local Rules. Cf. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496 (1993) (noting that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect").

4

futile and does not satisfy the excusable neglect standard of Fed. R. Civ. P. 6(b). (<u>See</u> Declaration of Rodman E. Honecker, dated May 20, 2010 ("Honecker Decl.") ¶ 3.) Defendants further note Plaintiff's "lack of diligence in the filing of this motion," which came nearly three months after the Court rejected Plaintiff's original request for an extension, and asserts no grounds for an extension other than those previously rejected by the Court. (<u>Id.</u> ¶ 12.)

In reply, Ms. Hollander submits a second declaration in which she claims, without any elaboration, that "Plaintiffs [sic] motion should be granted because Plaintiff's action is meritorious and plaintiff should be able to oppose Defendants' motion to dismiss." (<u>See</u> Reply Declaration of Jacqueline Hollander, dated June 16, 2010 ("Hollander Reply Aff.") ¶ 3.)[6] Ms. Hollander further acknowledges this Court's instruction at a January 5 conference to provide an affidavit to Defendants regarding receipt of the right-to-sue letter, and writes, "I am procuring this affidavit immediately." (<u>Id.</u> ¶ 4.) She makes no mention of her continued failure to file proofs of service of the Complaint on the Court's electronic filing system.

---

[6] The Court is somewhat puzzled at the timing of Ms. Hollander's reply declaration, served twenty-six days after Defendants' response. It would behoove counsel, when requesting the Court to set aside its prior admonition of her dilatory filings, to file timely motion papers.

## DISCUSSION

Rule 6(b) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). Thus, on its face, an untimely request for an extension must be made by motion, and the Court "may," but is not required to, extend the time in its discretion, but only if the moving party has established "excusable neglect."

The determination of whether a party's neglect is "excusable" is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co., 507 U.S. at 395, 113 S. Ct. at 1498. "The equities will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule.'" Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366-67 (2d Cir. 2003) (citing Canfield v. Van Atta Buick/GMC Truck Inc., 127 F.3d 248, 249-50 (2d Cir.1997)). Thus, "[w]here . . . the rule is entirely clear . . . a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." Canfield, 127 F.3d at 249-50.

As an initial matter, Ms. Hollander missed the deadline for responding to a motion for summary judgment, the timing of which is clearly set forth in Fed. R. Civ. P. 56(c). Thus, any purported

"excusable neglect" is likely insufficient to prevail under Pioneer. See Silivanch, 333 F.3d at 367-70 (collecting cases finding no excusable neglect where counsel failed to comply with a clear deadline); see also Canfield, 127 F.3d at 249-50 (same).

In any event, the instant motion, filed nearly three months after Ms. Hollander's original request for an extension of time, sets forth no "excusable neglect." While illness might, in some cases, suffice to warrant an extension of time for filing motion papers,[7] at the very least, an attorney should timely request such an extension. See Beckles v. City of New York, No. 08 Civ. 3687 (RJH) (JCF), 2010 WL 1841714, at *3 (May 10, 2010) (denying motion for extension of time based on illness because "upon his recovery counsel could and should have made a proper request for an extension of time under Rule 6(b) before the January 13 deadline . . . (or asked a colleague in his office to do so on his behalf if he was unable to do so)").

Ms. Hollander does not contend that she was so ill during the month of February 2010 that she was unable to even request the extension. Cf. Active Glass Corp. v. Architectural & Ornamental Iron Workers Local Union 580, 899 F. Supp. 1228, 1231 (S.D.N.Y.

---

[7] Despite Ms. Hollander's contentions that she was ill for "over two weeks" in February, she participated in two telephone conferences with this Court in a separate case during that time period, and made no mention of any illness. (See Minute Entries for Proceedings on February 2 and 19, 2010 in Case No. 09 Civ. 6384.)

7

1995) ("[i]llness of counsel has been regarded as valid grounds for excusable neglect where the illness is so physically and mentally disabling that counsel is unable to file the appeal and is not reasonably capable of communicating to co-counsel his inability to file.") (internal quotation marks and citation omitted). In fact, Ms. Hollander admits that she recovered from her illness prior to the deadline, but "then had pressing federal court appearances, conferences and depositions" that "curtailed" her ability to file motion papers. (See February Letter.)  Accordingly, Ms. Hollander's purported illness does not constitute "excusable neglect."

Ms. Hollander's second excuse for her delay - "pressing federal court appearances, conferences and depositions" that she presumably attended to - is equally unavailing. (See February Letter.)  In the Court's view, responding to what appears to be a very strong motion for summary judgment that was filed only due to Ms. Hollander's earlier missteps should be among the most "pressing" of her obligations.

Nevertheless, the Court has reviewed the docket sheet of other federal cases filed in this Court for which Ms. Hollander is counsel of record. Rather than finding evidence of illness or other "pressing federal court appearances," the Court finds further evidence of Ms. Hollander's failure to meet court-imposed deadlines. For example, Ms. Hollander missed several court-imposed

deadlines to file opposition papers in another case during the same time period (February 2010), and when she belatedly requested extensions of time, made no mention of any illness. (See Case No. 08 Civ. 3356, Docket Entry 75 (requesting an extension based on "various complications in this case").) In a more recent case, the Court dismissed an action filed by Ms. Hollander after she inexplicably failed to oppose a motion to dismiss nearly one month after the deadline. (See Case No. 09 Civ. 9047, Docket Entry 11.)[8]

Thus, although the Court does not accept work on other matters as a valid excuse for failing to respond to a motion for summary judgment, the Court is not persuaded that Ms. Hollander's busy schedule "curtailed" her ability to file opposition papers in this case. Her repeated neglect of deadlines is inexcusable (and apparently not unique to the instant case). Nevertheless, even if Ms. Hollander's neglect were excusable, she never made a timely request for an extension and delayed filing the instant motion for nearly three months. She offers no excuse for the latter, and significantly more egregious, delay.[9] And, as of the date of this

---

[8] In that same case, Ms. Hollander subsequently moved for an order to set aside the judgment pursuant to Fed. R. Civ. P. 60(b), and wrote: "I failed to be apprised that moving papers that had the effect, if granted, of dismissing my client's cause of action, were imminent and had to be responded to." (See Case No. 09 Civ. 9047, Docket Entry 15.) That motion is presently *sub judice*.

[9] Strangely, the purported "excusable neglect" in the May 17 motion is no different than that articulated in the February Letter and previously rejected by the Court. The motion differs

Opinion, Ms. Hollander has failed, to the Court's knowledge, to provide Defendants with any of the documents that might support her case, despite this Court's directive at the January 5 conference.

In sum, the Court is deeply troubled by Ms. Hollander's numerous oversights of court-imposed deadlines, including (1) the delayed filing of the Complaint and the failure to timely effectuate service, the two acts that form the basis of Defendants' motion for summary judgment; (2) the failure to timely respond to Defendants' motion for summary judgment or to timely request an extension; (3) the failure to move for an extension until nearly three months later; and (4) the continued failure to provide Defendants with the requested affidavit regarding the right-to-sue letter, or to file any proofs of service. Clearly, the issue here is not Ms. Hollander's purported illness or other "pressing" court appearances. Rather, it is her flagrant disregard for virtually every deadline in this case. Accordingly, Plaintiff's motion is denied.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion to File an Untimely Response to Defendants' Motion for Summary Judgment. Barring any future ruling by the District Court (Hon. Barbara S. Jones), this Court deems Defendants' Motion for Summary

---

from the February Letter only insofar as it is a formal motion as opposed to a letter.

Judgment (Docket Entry 7) fully submitted.  This Opinion and Order resolves Docket Entry 12.


SO ORDERED.

```
                              _____
                              THEODORE H. KATZ
                              UNITED STATES MAGISTRATE JUDGE
```

Dated: July 16, 2010
       New York, New York