```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
PAUL JOHN SHIELDS,
                    Plaintiff,
         v.                                    09 Civ. 5495 (BSJ)
                                               **Opinion & Order**
VIVUS, INC. and LON ROBERTS,

                    Defendants.
-------------------------------------X

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

    Paul John Shields, a former employee of Vivus, Inc. ("Vivus"), brings this employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (the "ADEA"). Plaintiff also brings claims for violations of the New York Human Rights Law, N.Y. Exec. Law § 296, and intentional infliction of emotional distress. Before the Court is Defendants' unopposed Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' Motion for Summary Judgment is GRANTED.

## BACKGROUND[1]

Plaintiff was hired as a Regional Sales Manager at Vivus in January 2000 and fired in July 2008. (Compl. ¶¶ 7, 17-18.) Plaintiff claims that during his employment his supervisor, Lon Roberts, sexually harassed women in his presence repeatedly, creating a hostile work environment. (Compl. ¶¶ 19-21, 33.) Additionally, Plaintiff claims that he was denied a promotion and terminated because he was over 40 years old. (Compl. ¶¶ 22-23, 26.) Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") raising these claims.

On March 6, 2009, the EEOC mailed to Plaintiff, Plaintiff's counsel, Vivus, and Defendants' counsel a Notice of Right to Sue ("Right-to-Sue Letter"). (Defs.' Rule 56.1 Stmt. ¶ 2; Honecker Decl. ¶ 4, Ex. B at 1.) Defendants received the Right-to-Sue Letter on March 9, 2009. (Defs.' Rule 56.1 Stmt. ¶¶ 3-4.) Plaintiff's receipt of the Right-to-Sue Letter is discussed below.

Plaintiff commenced this action on June 15, 2009. (Defs.' Rule 56.1 Stmt. ¶ 4; Honecker Decl. ¶ 6, Ex. C at 1.) On October 14, 2009, a copy of the Summons and Verified Complaint ("Complaint") was left at Vivus' facility, but no proof of

---

[1] The facts in this section are derived from Defendants' Statement of Undisputed Facts, filed pursuant to Local Rule 56.1, as well as the supporting documents and declaration.

2

service was filed with the Court. (Defs.' Rule 56.1 Stmt. ¶¶ 5-6.)

During a pre-trial conference before Magistrate Judge Theodore H. Katz on January 5, 2010, Plaintiff claimed that he received the Right-to-Sue Letter later than March 9, 2009--specifically, at a date within 90 days of the date that he filed the Complaint in this action. (Mag. J. Katz Order, July 16, 2010, at 1.) Magistrate Judge Katz instructed Plaintiff to immediately procure an affidavit to that effect. (Id.)

Nearly one month later--on January 29, 2010--Plaintiff had still not presented Magistrate Judge Katz or Defendants with evidence of when he received the Right-to-Sue Letter. (Id.) That day, Defendants moved for summary judgment on the ground that Plaintiff failed to file the Complaint within 90 days of receiving the Right-to-Sue Letter, as required by 29 U.S.C. § 626(e). (Id.; Defs.' Rule 56.1 Stmt. ¶ 7.) Under Fed. R. Civ. P. 56(c), Plaintiff's response to Defendants' motion was due on February 19, 2010. (Mag. J. Katz Order, July 16, 2010, at 1.) Yet Plaintiff filed no response or opposition. On July 16, 2010, Magistrate Judge Katz (i) denied Plaintiff's motion to file an untimely response to Defendants' summary judgment motion and (ii) deemed the motion fully submitted. (Id. at 1, 4.) At a telephonic conference with the Court on August 3, 2010, Plaintiff's counsel conceded that Plaintiff had not objected to

3

Magistrate Judge Katz's July 16, 2010 ruling within 14 days. See Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the [magistrate judge's] order within 14 days after being served a copy.")

**LEGAL STANDARD**

Rule 56 of the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." Rodriguez v. City of New York, 72 F.3d 1051, 1060-61 (2d Cir. 1995). The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "If, as to

4

the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994).

An unopposed motion for summary judgment is not automatically granted. The Court "must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

## DISCUSSION

Defendants assert that Plaintiff's Title VII and ADEA claims are time-barred because the Complaint was filed more than 90 days after Plaintiff and his attorney received the EEOC's Right-to-Sue Letter.[2]

Plaintiff's Title VII and ADEA claims are indeed time-barred. "To be timely, a Title VII or ADEA claim must be filed within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC." Francis v. Elmsford Sch. Dist., 442 F.3d 123, 126 (2d Cir. 2006); see also 29 U.S.C. § 626(e) ("A civil action may be brought...against the respondent named in the

---

[2] Defendants also assert that the Complaint was never properly served. In light of the Court's ruling, this issue need not be resolved.

5

charge within 90 days after the receipt of such notice."); Hodge v. New York Coll. of Podiatric Med., 157 F.3d 164, 166 (2d Cir. 1998) ("ADEA plaintiffs may file suit in court...until 90 days after the plaintiff receives notice from the EEOC that the EEOC proceedings are terminated.")

The 90-day period begins to run when the plaintiff receives a right-to-sue letter. See Francis, 442 F.3d at 126; see also Greenidge v. Ben Hur Moving & Storage, Inc., NO. 02-CV-1635(ERK), 2002 WL 1796812 at *3 (E.D.N.Y. 2002). "A presumption exists that an EEOC notice is received three days after its mailing." Sherlock v. Montefiore Med. Ctr. 84 F.3d 522, 525 (2d Cir. 1996); see also Vera v. Cushman & Wakefield, Inc., 320 F. Supp. 2d 114, 118 (S.D.N.Y. 2004). And it is presumed that "a notice provided by a government agency has been mailed on the date shown on the notice." Sherlock, 84 F.3d at 526 (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 & n.1 (1984)).

Here, the EEOC mailed the Right-to-Sue Letter on March 6, 2009. (Honecker Decl. ¶ 4, Ex. B at 1.) Both Plaintiff and his attorney--and their correct mailing addresses--are listed on the Right-to-Sue Letter. (Id.) Because Plaintiff and his attorney are presumed to have received the Right-to-Sue Letter three days later (March 9, 2009), and because Plaintiff has submitted no evidence to the contrary, the Complaint was filed 98 days after

6

the Right-to-Sue Letter was received (June 15, 2009). Therefore, Plaintiff's federal claims are time-barred. See 29 U.S.C. § 626(e); Francis, 442 F.3d at 126. Accordingly, Defendants' Motion for Summary Judgment on Plaintiff's Title VII and ADEA claims is GRANTED.

Having dismissed Plaintiff's federal law claims, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims. Those claims are therefore dismissed without prejudice. See 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Defendants' Motion for Summary Judgment with respect to Plaintiff's Title VII and ADEA claims is GRANTED. Plaintiff's state law claims are DISMISSED without prejudice. The Clerk of the Court is directed to close this case.

**SO ORDERED:**

Barbara S. Jones
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         August 6, 2010